**BUFFALO BAYOU TRANSPORTATION COMPANY et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 23308.**

United States Court of Appeals
Fifth Circuit.
April 17, 1967.

James E. Ross, Houston, Tex., Blades, Crain, Slator, Winters & Ross, Houston, Tex., for appellants.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Alan S. Rosenthal, Martin Jacobs, Robert V. Zener, Attys. Dept. of Justice, John W. Douglas, Asst. Atty.

Gen., Woodrow B. Seals, U. S. Atty., Washington, D. C., for appellee.

Before HUTCHESON, COLEMAN and GODBOLD, Circuit Judges.

HUTCHESON, Circuit Judge:

This appeal is from a judgment of the district court dismissing the libel brought against the United States for property damage which resulted when libelants' barges crashed into a wrecked vessel sunken in the Mississippi River. The question presented is whether the Wreck Act [1] imposed a mandatory duty upon the Secretary of the Army to remove the wreck from the river. The district court held that it did not for the reason that the Secretary may either remove a wreck or mark and light it properly. Since the latter alternative was accomplished here, the libel was dismissed. We affirm.

The Barge L–1 sank in the Mississippi River on March 31, 1961. The manner and cause of its sinking are immaterial to the appeal. Navigation of the river being endangered by the presence of the wreck, the owners marked and lighted the wreck from the date of the sinking until April 1962, at which time they abandoned it and the task of marking was assumed by the Coast Guard. The wreck had lain in the river for more than a year when, on separate occasions, two barges owned by libelants, Buffalo Bayou Transportation Company and Tenneco Corporation, ran into it.[2] With jurisdiction based on the Suits in Admiralty Act, 46 U.S.C. Sec. 741 et seq.,[3] this libel was brought in an effort to hold the government liable for the property damage sustained by the two barges on two grounds: first, that the government had undertaken to mark the wreck but had done so negligently; and second, even if the wreck were marked properly, the Secretary had a mandatory duty to remove the wreck

from the river, which duty he failed to carry out. As to the first ground, the district judge sitting without a jury found that the evidence clearly showed that the government had exercised due care and properly had marked the wreck; indeed the court concluded it was libelants, not the government, who had solely caused both collisions by negligently operating the tugs which were towing the barges. No appeal is taken from those findings and conclusions. Thus we need consider only the assertion relating to the alleged duty of the Secretary. The court below reasoned that the Secretary, rather than being required to remove the wreck from the river, had available two permissible alternatives—either to remove, or to mark properly as was done.

As authority for the proposition that the Secretary should have removed the Barge L–1 prior to the collisions, libelants rely totally upon particular sections of the Wreck Act which provide the Secretary with certain powers in regard to sunken vessels in navigable waters. Section 409 provides in pertinent part:

> whenever a vessel * * * or other craft is wrecked and sunk in a navigable channel, * * * it shall be the duty of the owner * * * to immediately mark it * * * and to maintain such marks until the sunken craft is removed or abandoned * *; and it shall be the duty of the owner of such sunken craft to commence the immediate removal of the same, and prosecute such removal diligently, and failure to do so shall be considered as an abandonment of such craft, and *subject the same to removal* by the United States as provided for in sections 411–416, 418, and 502. (emphasis added)

This section treats the failure of the owner to remove his sunken vessel dili-

---

1. Rivers and Harbors Appropriation Act of 1899, 30 Stat. 1152, 33 U.S.C. Secs. 409, 414, 415 are commonly known as the Wreck Act.

2. The separate collisions occurred on December 19, 1962, and August 2, 1963.

3. "In cases where if * * * a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States * * *." 46 U.S.C. Sec. 742.

gently as an abandonment which will "subject" the wreck to removal by the government in accordance with methods authorized elsewhere. The language of this section certainly does not command that the Secretary shall remove such wrecks upon pain of being held responsible for damages attributable to the mere presence of a wreck in navigable waters. Section 409 only supplies the statutory authority under which the Secretary may remove in his discretion when the owner has failed to do so. It is clear that read alone Sec. 409 provides no basis whatever for the result libelants would have us reach. Cf. Somerset Seafood Co. v. United States, 193 F.2d 631, 635 (4th Cir. 1951); Petition of Highlands Nav. Corp. (The Nassau), 29 F.2d 37 (2d Cir. 1928).

Section 414, which is to be read in conjunction with Sec. 409, states that an abandoned wreck obstructing the navigation of a navigable river *"shall be subject to* be broken up, removed, sold, *or* otherwise disposed of by the Secretary of the Army *at his discretion,* without liability for any damage to the owners of the same." (emphasis added). Libelants insist that the use of the word "discretion" here gives the Secretary a choice of alternatives by which to perform his alleged mandatory duty of disposing of the wreck. We agree that at the least the Secretary is granted a choice of alternatives with regard to the manner in which he may dispose of the wreck. This would follow even in the absence of the phrase "at his discretion" due to the presence of the disjunctive "or". But the relevant language with respect to the issue whether the wreck must be disposed of at all is again that such a wreck merely is "subject to" being disposed of by the Secretary. We are convinced that if Congress intended to require the Secretary to dispose of each and every wreck rather than to permit him alternatively to mark properly when in his discretion that would be the better course of action, it would not have used the permissive

words "subject to." Instead, it would have directed in the imperative that abandoned wrecks "shall be broken up, removed, sold, or otherwise disposed of," or some such similar language.

Neither are libelants afforded relief by 33 U.S.C. Sec. 415 which provides for an emergency situation in authorizing the Secretary to take immediate possession of a sinking or grounding vessel when in his opinion the craft will specially endanger navigation. Clearly this section providing for an emergency does not contemplate the imposition of a duty to remove. Equally unavailing is 14 U.S.C. Sec. 86, also cited by libelants.

In short the statutes cited and discussed simply do not indicate that the Secretary has a duty to remove each sunken vessel in navigable waters, a duty which we feel would, if it were intended, be carefully spelled out. To the contrary, the Secretary is authorized, but not required, to remove; and it is permissible that in the alternative the wreck be marked in a proper fashion. The relatively few pertinent cases have not found differently. See United States v. Bethlehem Steel Corp., 319 F.2d 512, 516 (9th Cir. 1963), cert. denied, 375 U.S. 966, 84 S.Ct. 484, 11 L.Ed.2d 415 (1964) (failure of owner to remove "shall permit" government to take wreck); Somerset Seafood Co. v. United States, supra; Zubik v. United States, 190 F.2d 278, 280 (3d Cir. 1951) (failure of owner to remove forfeits wreck to government "in the event" Secretary uses Wreck Act); Cornell Steamboat Co. v. United States, 138 F.Supp. 16, 18 (S.D.N.Y.1956); In re Eastern Transp. Co., 102 F.Supp. 913, 917 (D.Md.1952); United States v. Atlantic Ref. Co., 10 F.Supp. 45, 49 (E.D. Pa.1935). But cf. The Port Hunter, 6 F.Supp. 1009 (D.Mass.1934).

The wreck having been properly marked and the sole cause of the collisions being libelants' own negligence, the judgment dismissing the libel should be, and it is, affirmed.